USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 7, 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
S. KATZMAN PRODUCE, INC. and
KATZMAN BERRY CORP.,

    Case No. 18-cv-6947 (PAC)(BCM)

Plaintiffs,

**PRELIMINARY**
**INJUNCTION ORDER**

- against -

OREL PRODUCE, INC. t/a MOSES,
ELIRAN YADID and MOSHE YADID,

Defendants.
------------------------------------------------------------------X

    Plaintiffs S. Katzman Produce, Inc. ("Katzman") and Katzman Berry Corp. ("Katzman Berry;" collectively with Katzman, "Plaintiffs") seek an order enjoining and restraining the defendants Orel Produce, Inc. a/k/a Moses ("Moses"), Eliran Yadid ("E. Yadid"), and Moshe Yadid ("M. Yadid") (Moses, E. Yadid, and M. Yadid are collectively, "Defendants") and their customers, agents, employees, officers, directors, successors, subsidiaries, related entities, assigns, and banking institutions from taking any action to assign, transfer, convey, spend or dissipate PACA trust funds in the sum of $494,897.00, except for delivery to Plaintiffs' counsel, and directing and requiring Defendants to account for the assets and liabilities of Moses and its affiliated entities.

    Upon consideration of the order to show cause entered by the Court on August 2, 2018 (Docket No. 3) (the "Order"), the documents submitted by Plaintiffs in support (Docket Nos. 4-7) (the "Application"), and the hearing held on August 7, 2018, the Court, pursuant to Fed. R. Civ. P. 65, makes the following PRELIMINARY findings of fact and conclusions of law:

    1.    Plaintiffs are engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and are licensed as a dealers under PACA.

- 1 -

Declaration of Gary Allen in Support of Motions for Relief Pursuant to Fed. R. Civ. P. 65 (Docket No. 6) ("Allen Declaration") at ¶¶ 3-4; Exhibits A and B.

2. Moses is and/or was engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and is and/or was subject to licensure under PACA as a dealer at all relevant times. Allen Declaration at ¶ 5.

3. Plaintiffs sold to ~~Defendants~~ MOSES various wholesale lots of produce, which had been moved in interstate commerce or contemplation thereof, worth $494,897.00, for which ON INVOICES THAT ARE DUE, OR WILL BE DUE IN THE NEAR FUTURE, they have not been paid. Allen Declaration at ¶¶ 10-11; Exhibits C and D.

4. ~~Defendants~~ MOSES accepted the produce received from Plaintiffs. Allen Declaration at ¶ 12.

5. Plaintiffs preserved their respective interests under the trust provisions of the PACA in the amount of $494,897.00 by sending invoices to Defendants that contained the language required by 7 U.S.C. § 499e(c)(4). Allen Declaration at ¶ 13; Exhibit C and D.

6. ~~Defendants have~~ MOSES' BANK closed ~~their~~ ITS bank account and ~~their~~ ITS booth at the Hunts Point Terminal Market, ~~and have refused to meet with Katzman about their debt.~~ Allen Declaration at ¶¶ 14-16.

7. Defendants were served with the Order and the Application. Docket Nos. 8 and 9.

8. NOTHING HEREIN SHALL DIMINISH OR IMPAIR ANY DEFENSE AVAILABLE TO DEFENDANTS ON THE MERITS.
Based on the factual showings made by Plaintiffs, it appears that the PACA trust assets in the possession of Defendants have been dissipated and are further threatened with dissipation. Therefore, the Court finds that the requirements for the issuance of a preliminary injunction are

met[1]: (1) there is a likelihood that Plaintiffs will be successful on the merits of their claims; (2) there is a likelihood of irreparable harm to Plaintiffs if the injunctive relief does not issue; (3) the balance of the equities favors Plaintiffs, whose funds may be dissipated, whereas there would appear to be little harm to Defendants if the injunctive relief is granted, since Defendants are only ordered to do that which they are required to do under the statute (i.e., maintain the trust assets as required by the statute and pay the undisputed debt or, failing that, turn over documents as hereinafter set forth); and (4) the public interest would be furthered by the granting of injunctive relief, as PACA states that its trust provisions were promulgated to benefit the public interest that suffers due to non-payment for produce.

Accordingly, this 7/16 day of August, 2018 /PH

**ORDERED,** that Plaintiffs' Motion for Preliminary Injunction is granted AS PROVIDED HEREIN; and it is further

**ORDERED,** that Defendants, their customers, agents, employees, officers, directors, subsidiaries, related entities, successors, assigns, and banking institutions, shall not alienate, dissipate, pay over or assign any assets of Moses, its successors, subsidiaries and related companies until further order of this Court or until Moses delivers to Plaintiffs' counsel the sum of $494,897.00 by bank check or wire transfer; and it is further

**ORDERED,** that within five (5) business days of the date of this Order, Defendants shall supply to Plaintiffs' counsel the following documents regarding the assets of Moses, its successors, subsidiaries and related companies: most recent balance sheets and profit/loss statements, accounts receivable names, addresses, amounts and other documentation for collection purposes, and all records, such as bank account statements and checking account

---

[1] *Winter v. Natural Res. Defense Council*, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008); *Salinger v. Colting*, 607 F.3d 68, 79 (2d Cir.2010).

registers and cash receipt records, showing how any funds of Moses were spent in the last six (6) months; and it is further AND, IF SUCH DOCUMENTS DO NOT EXIST, DEFENDANTS SHALL SUPPLY PLAINTIFFS' COUNSEL WITH AN AFFIDAVIT SWEARING TO THE ABSENCE OF SUCH DOCUMENTS OR THINGS

**ORDERED,** that Defendants and/or any banking institutions used by Defendants shall, within two (2) business days of service of this Order, deliver any and all funds realized from the sale of produce in their possession up to $494,897.00 to McCarron & Diess, 707 Walt Whitman Road, Melville, New York 11747, attorneys for Plaintiffs, to be held by Plaintiffs' counsel pending further order of the Court; and it is further

**ORDERED,** that any and all funds belonging to Moses, its successors, subsidiaries and related companies, in the possession of third parties, including all funds belonging Moses, its successors, subsidiaries and related companies, on deposit at banking institutions up to $494,897.00, shall be immediately delivered to McCarron & Diess, 707 Walt Whitman Road, Melville, New York 11747, attorneys for Plaintiffs, to be held by Plaintiffs' counsel pending further order of the Court; and it is further

**ORDERED,** that the attorneys for Plaintiffs are hereby authorized and directed to collect all outstanding accounts receivable of Moses, its successors, subsidiaries and related companies, and pay over said collections to Plaintiffs until Plaintiffs' counsel receives full payment of the sum of $494,897.00; and it is further AND PLAINTIFFS SHALL REPORT SUCH COLLECTIONS TO DEFENDANTS.

**ORDERED** that Defendants are required to fully cooperate TAKE ALL COMMERCIALLY REASONABLE STEPS TO with Plaintiffs' attorneys IN GOOD FAITH in providing any necessary documents to effect collection of accounts receivable of Moses; and it is further

//

//

//

- 4 -

ORDERED, that delivery of a copy of this Order to Defendants' COUNSEL shall be deemed to constitute notice of this Order upon Defendant's THEIR ~~its~~ agents, servants and employees pursuant to Fed. R. Civ. P. 65(d)(2).

**ISSUED:**

New York, NY
August 7, 2018

_____
Hon. Paul A. Crotty, U.S.D.J.